Barbara DANIELS, Appellant,

v.

Gerald VAN DE VENTER, Dennis Peterson, and Reed Miller, Appellees.

No. 9325.

United States Court of Appeals Tenth Circuit.

Sept. 8, 1967.

John S. Carroll, Denver, Colo., for appellant.

Wesley H. Doan, of Yegge, Hall, Treece & Evans, Denver, Colo., for appellees.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an action for damages brought under the Civil Rights Act, 42 U.S.C. § 1983, against two police officers. The case was tried to a jury which returned a verdict for the defendants, and plaintiff has taken this appeal.

Appellant asserts that the trial court erroneously instructed the jury on several issues, and erroneously admitted certain evidence.

The claim of the appellant arose out of an incident which took place outside her home during which she and a man with whom she had just driven home engaged in a loud argument and a scuffle. The police were called by appellant's children who were at the house, and the officers who responded are the appellees herein. The officers observed the scuffle and the loud argument which continued despite the officers' efforts to stop it. Finally they arrested appellant, during which she resisted with considerable determination, and took her to jail. There she was advised of the amount of bail and was allowed to call relatives. Bail was not made however until after a delay of several days, and thereafter she appeared before a magistrate.

Appellant alleged that her constitutional rights were violated during the course of her arrest, by the failure of the officers to advise her of her rights, by a failure to take her before a magistrate promptly, by fixing bail in an improper manner, and related grounds.

On appeal the issues raised by appellant first concern the ruling of the trial judge on cross-examination permitting questions to be asked of appellant concerning her relationship with the man with whom she was having the argument when arrested. She was so asked whether the man stayed at her house frequently since March of the same year, March being the month during which she testified she became reacquainted with this man. The attorney for appellant strongly objected to this question and to a question seeking to develop how frequently he stayed there. The court permitted the questions and appellant answered them, and also testified that she had once called the police "on him" apparently when he was at her house. The appellant here urges that this evidence so admitted by the trial judge was immaterial and was grossly prejudicial.

This evidence, we hold, was properly admitted. It served to explain the incident, and was otherwise relevant under her complaint which, among other causes, seeks exemplary damages by reason of her having been " * * * greatly humiliated and held up to public scorn and derision as a result of defendants' acts." The plaintiff-appellant requested an instruction on punitive damages which was given and it refers to fraud, malice, insult, or wanton and reckless disregard of plaintiff's rights and feelings. The facts surrounding the incident, and the good faith of the defendants must be developed upon such a claim. Also good faith and probable cause in making an arrest are defenses which may be raised under section 1983 of the Civil Rights Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (U.S. April 11, 1967). As the trial court said when appellant objected to the questions on the ground of relevancy: " * * * this matter as I view it is admissible insofar as it gives character to what occurred on the day in question. * * * What has gone before explains in some way what occurred on the day in question as I view it. I would receive it for that purpose."

The police officers testified when they arrived the appellant and the man were fighting in a car in her driveway or at

least the man was defending himself from her blows. They took the man out of the car, and he told them they had been fighting earlier that evening, and that they were not married. The appellant insisted that the man not leave, and that she would sign a complaint against him if he left. Also according to their testimony she made more remarks about him, and finally locked herself in his car. The officers got her out after some effort and conversation, but more difficulties arose when she went into the house, where the officers testified they thought she was going to commit suicide. She was finally arrested, handcuffed, and taken to jail. In view of what the testimony shows that the officers then knew about her companion at the time, and in view of the complaint, the evidence concerning their relationship was material for the purpose the trial court indicated and on the arrest generally.

The appellant argues that the instructions given by the trial court were erroneous in several respects, but we have carefully examined the instructions and find no error.

 The instructions when considered as a whole do not permit the jury to regard everything following the arrest to be legal if the arrest was legal, as appellant contends they do.

The instructions were also proper as to intent. We held in Stringer v. Dilger, 313 F.2d 536 (10th Cir.), that intent is not a necessary element to be shown, but as in any tort action a defendant in an action under section 1983 of the Civil Rights Act is responsible for the natural consequences of his acts. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Pierson v. Ray, supra. The court in its instruction did say, " * * * you are called on to determine whether or not the defendants knowingly, intentionally, that is, with knowledge, that they were doing these unlawful acts. * * * " The instruction as a whole is a proper one on this point, and the word "intentionally" was adequately explained. The instruction was in accordance with the precedents.

The appellant also urges that the instructions were erroneous as they related to the manner in which the bond was set. The complaint of appellant was not as to the amount of the bond, but that it was not set personally by a magistrate. It appears instead that bond was fixed in amount, and appellant so advised shortly after her arrest, by a police officer in accordance with standing instructions of a magistrate. The trial court properly instructed on this problem, and did not instruct, as appellant contends, that bond could be so fixed.

The charge to the jury relative to the appearance of appellant before a magistrate, and to the testimony of the officers at other hearings was not in error.

The appellant tendered instructions which were not given, and it is here asserted that the trial court's refusal of these instructions was error. The instructions as given by the court however clearly and adequately covered the issues.

Affirmed.