**Vicente Gatica STARTTI, Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

**No. 26609.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1969.

---

Vicente Gatica Startti, pro se.

Crawford Martin, Atty. Gen., Nola White, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM:

This is an appeal from an order of the district court dismissing the petition of a Texas convict as being without merit.

Appellant, a prisoner in a Texas penitentiary, was caught acting as a lookout for a poker game among prisoners. As punishment, he was put in solitary confinement on the diet of bread and water for a period of nine (9) days. Appellant seeks mandamus to order the respondent prison authorities to cease and desist from cruel and unusual punishment with which he is still being threatened, and for damages in the sum of $10,000 as remuneration for the inequities he suffered while in solitary. Appellant filed his suit on the basis of the Civil Rights Act of 1964, Title 42 U.S.C. § 1983.

The district court dismissed the petition on grounds that it dealt with matters of prison discipline which are the sole concern of the state unless exceptional circumstances are present, and that the petition stated no cause of action under 42 U.S.C. § 1983. We concur.

■■ It is settled that federal courts will not interfere with matters of discipline and control in state prisons. United States ex rel. Lee v. Illinois, 7 Cir. 1965, 343 F.2d 120; United States ex rel. Knight v. Ragen, 7 Cir. 1964, 337 F.2d 425, cert. denied 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277; Tabor v. Hardwick, 5 Cir. 1955, 224 F.2d 526, cert. denied 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843. The petitioner's complaint does not rise to the constitutional level but deals with matters of prison discipline solely the concern of the state.

The judgment of the district court dismissing the petition is affirmed.