James **DAVIS**

v.

**UNITED STATES of America**

**Alphonso Graves, Warden, St. Louis City Jail, Al Larkin, Chief Guard, St. Louis City Jail, Officer Jackson, Jail Guard, St. Louis City Jail, Department of Public Welfare, City of St. Louis, Missouri.**

**No. 70 C 164.**

United States District Court, E. D. Missouri, E. D.

July 28, 1970.

ciently indicate finality, and (3) the denial did not come from the agency to which the demand was made.

James Davis, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for the United States.

Robert W. Van Dillen, City Counselor, John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for City of St. Louis, Warden, Guards and Dept. of Public Welfare.

## MEMORANDUM

MEREDITH, District Judge.

Plaintiff has sued the United States; the Department of Public Welfare of the City of St. Louis, Missouri; Alphonso Graves, Warden, St. Louis City Jail; Al Larkin (whose affidavit indicates the correct spelling is "Lark"), chief guard, St. Louis City Jail; and Officer Jackson, guard, St. Louis City Jail, under 42 U.S.C. § 1983, for violation of his constitutional rights. Plaintiff is currently confined in the United States Penitentiary, Terre Haute, Indiana. Leave to proceed in forma pauperis is granted.

The defendants have filed motions for summary judgment, supported by affidavits, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. As grounds for this motion, the United States and the Department of Public Welfare state that they cannot be sued under 42 U.S.C. § 1983. The defendants Lark, Jackson, and Graves state that they acted reasonably and justifiably in quelling a disturbance in the St. Louis City Jail.

The pleading and affidavits indicate the following facts are relevant and there are no facts in dispute. On August 26, 1969, the plaintiff and some twenty-one other prisoners were confined in the St. Louis City Jail. After the morning exercise period all of the prisoners refused to return to their cells. Several prisoners began shouting obscenities and trying "to get something started." The guards on duty, Jackson and Lark, tried to get them to return to their cells. When they refused, one smoke container and one tear-gas container were thrown into the exercise area. The prisoners became subdued and were evacuated until the gas cleared. In this suit, plaintiff contends that he was willfully assaulted without cause by the defendants spraying "mace" into the cavities of his body. He alleges that the tear gas caused him to fall out of bed and injure his back. He states he has suffered certain physical and mental injuries as a result and has had his earning capacity reduced. The United States is liable because "it erred by putting Petitioner in a St. Louis, Missouri, Jail." He seeks $250,000.00 actual and $800,000.00 punitive damages from each defendant.

It is the opinion of the Court that the Department of Public Welfare and the United States of America are not persons liable under 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill. 1969); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969); Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky.1968); Jordan v.

Kelly, 223 F.Supp. 731 (W.D.Mo.1963). The motions of these defendants will be granted.

■ It is further the opinion of the Court that the plaintiff has failed to state a cause of action against any defendant. The plaintiff has alleged only an assault and not a violation of a constitutional right. An assault by person acting under color of state law, not otherwise shown to be in violation of the Constitution, is not actionable under the Civil Rights Act. Cole v. Smith, 344 F.2d 721 (8th Cir. 1965). There the Court stated, at 724:

> "State officials can only be held accountable under the Civil Rights Act, supra, in the federal courts for conduct and actions taken pursuant to their official duties and where a clear showing is made of a violation of some federal constitutional right. * * * (A)lleged assaults by state prison officials, without any showing of a constitutional violation, are matters for consideration of internal prison discipline of interest solely to the state and actionable, if at all, in the state courts."

Absent a showing of the deprivation of some constitutional right, the fact that the alleged assault was committed by persons acting under color of state law does not entitle plaintiff to redress in federal court. Cullum v. California Dept. of Corrections, 267 F.Supp. 524 (N.D.Cal.1967). Prison officials have wide discretion in the treatment of prisoners in matters of internal prison management and discipline. Douglas v. Sigler, 386 F.2d 684 (8th Cir. 1967); United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. den. Knight v. Ragen, 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1965). The guards had a duty to quell the disturbance in the jail and in so doing did not violate any constitutional right of plaintiff. Cole v. Smith, supra. The case will be dismissed.