439 F.2d 1118
 James DAVIS, Appellant,
v.
UNITED STATES of America, Alphonso Graves, Warden, St. Louis
City Jail, Al Larkin, Chief Guard, St. Louis City
Jail, Department of public Welfare, city
of St. Louis, Missouri, Appellees.
 No. 20498.
 United States Court of Appeals, Eighth Circuit.
 Feb. 22, 1971.
 
 James Davis, pro se.
 Daniel Bartlett, Jr., U.S. Atty., St. Louis, Mo., and Kenneth R. Heineman, Asst. U.S. Atty., on brief for appellee United States.
 Robert W. Van Dillen, City Counselor, St. Louis, Mo., and John J. Fitzgibbon, Associate City Counselor, on brief for appellees, Graves, Larkin and Dept. of Public Welfare.
 Before MATTHES, Chief Judge, Mr. Justice CLARK,[1] and BRIGHT, Circuit Judge.
 PER CURIAM.
 
 
 1
 On April 7, 1970, appellant, James Davis, filed a lawsuit against the United States of America, the Department of Public Welfare of the City of St. Louis, Missouri, Alphonso Graves, Warden, St. Louis City Jail, Al Larkin, Chief Guard, St. Louis City Jail, and Officer Walter Jackson, Guard, St. Louis City Jail, Under the Civil Rights Act, 42 U.S.C. 1983, alleging a violation of his constitutional rights and seeking monetary damages.
 
 
 2
 It appears from the record that the appellant, while in the custody of the United States awaiting trial pursuant to a felony charge, was placed in the care and custody of the St. Louis City Jail Authorities. The complaint alleged that the appellant was asleep in his cell on August 26, 1969, when the jail guards used tear gas to quell a disturbance in the exercise area of the jail. The gas penetrated into the appellant's cell and affected his eyes and nasal passages.
 
 
 3
 The United States filed a Motion to Dismiss. The Department of Public Welfare and the individual defendants filed Motions for Summary Judgment and supporting affidavits. Appellant did not controvert the facts presented in the affidavits. The motions were granted by the trial court, 316 F.Supp. 80, and the complaint was dismissed. Davis has appealed.
 
 
 4
 Under 42 U.S.C. 1983, every person who under color of any statute, custom or usage of any state subjects any citizen of the United States to the deprivation of any rights secured by the Constitution and laws shall be liable to the party injured in an action at law. By its plain language the statute does not authorize redress against the United States. This interpretation finds support in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and Broome v. Simon, 255 F.Supp. 434, 440 (W.D.La. 1965).
 
 
 5
 Any claim the appellant may have against the United States conceivably could be prosecuted under the Federal Tort Claims Act, 28 U.S.C. 1346(b) and 2671 et seq. As a prerequisite to seeking judicial relief under the Tort Claims Act, appellant would initially be required to process his claim before the appropriate federal agency. See Meeker v. United States, 435 F.2d 1219 (8th Cir. 1970); Peterson v. United States, 428 F.2d 368 (8th Cir. 1970).
 
 
 6
 The Department of Public Welfare, City of St. Louis, Missouri, being an agency of the City of St. Louis, stands on the same footing as a municipal corporation. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); United States ex rel. Lee v. Illinois, 343 F.2d 120 (7th Cir. 1965). As such it cannot be subjected to liability under Section 1983. Monroe v. Pape, supra.
 
 
 7
 It follows, therefore, that appellant has no recourse against the appellees United States and the Department of Public Welfare under Section 1983 and the district court properly dismissed as to them.
 
 
 8
 We reach the same result as to the individual appellees. Under appropriate facts these city officials could be held liable under Section 1983. But the allegations of the complaint fall short of stating a claim for relief for deprivation of a protected constitutional right. Stripped of all the non-essential verbage, the complaint shows that appellant was caused to come into contact with tear gas used by the jail officers in quelling the disturbance in the prison. Even if this constituted an assault, it was insufficient to sustain an action for relief under the civil rights statute, Cole v. Smith, 344 F.2d 721, 724 (8th Cir. 1965).
 
 
 9
 We have carefully considered the other issues urged on appeal and find them to be frivolous.
 
 
 10
 We affirm.
 
 
 
 [1]
 The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation