Gentry B. PUCKETT, Plaintiff-Appellant,

v.

Weldon W. COX, Defendant-Appellee.

No. 71-1775.

United States Court of Appeals, Sixth Circuit.

March 8, 1972.

New York et al., 5 Cir. 1970, 431 F.2d 409.

**234**

Gentry B. Puckett, in pro. per.

R. Jackson Rose, Asst. Atty. Gen., on brief for defendant-appellee; David M. Pack, Atty. Gen., Nashville, Tenn., of counsel.

Before EDWARDS and CELE-BREZZE, Circuit Judges, and KEITH,* District Judge.

PER CURIAM.

This is an appeal from the District Court's dismissal of Appellant Puckett's complaint for failure to state a claim upon which relief could be granted. Appellant, a prisoner at The Tennessee State Penitentiary, seeks damages from the warden of that institution under 42 U.S.C. § 1983, claiming a deprivation of his constitutional rights under color of state law. Specifically, Appellant's complaint asserts the following grounds for relief: 1) a denial of equal protection in that Appellee and his agents negligently permitted an "insane" prisoner to roam freely within the prison and allowed said prisoner to have access to dangerous instruments which he used to severely beat and injure Appellant; 2) cruel and unusual punishment in that Appellee and his agents caused Appellant to be placed in solitary confinement for a period of 10 days, solely because he had been beaten by the "insane" prisoner.

In dismissing the complaint, the District Court ruled that 1) "it is clear that negligence does not constitute a 'deprivation of [any] rights, privileges, or immunities secured by the Constitution and laws' as contemplated by 42 U.S.C. § 1983," and 2) the decision to place Appellant in solitary confinement does not constitute an "extreme case" warranting judicial intervention into the internal affairs of penal institutions.

■ We affirm the District Court's dismissal of the negligence claim—although for somewhat different reasons. We believe it is incorrect as a general rule, and misleading in this particular case, to state that the negligent conduct of a person acting under color of state law cannot be the basis for relief under § 1983. In Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court expressly re-

* The Honorable Damon J. Keith, United States District Judge for the Eastern District of Michigan, sitting by designation.

jected the contention that a plaintiff under R.S. § 1979 [now 42 U.S.C. § 1983] must establish the defendant's specific intent to deprive the plaintiff of a constitutional right:

"In the *Screws* case [Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495] we dealt with a statute that imposed criminal penalties for acts 'wilfully' done. We construed that word in its setting to mean the doing of an act with 'a specific intent to deprive a person of a federal right.' 325 U.S. at 103, 65 S. Ct. at 1036. We do not think that gloss should be placed on § 1979 which we have here. The word 'wilfully' does not appear in § 1979. Moreover, § 1979 provides a civil remedy, while in the *Screws* case we dealt with a criminal law challenged on the ground of vagueness. Section 1979 should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." 365 U.S. at 187, 81 S.Ct. at 484.

In reliance on this ruling by the Supreme Court, numerous courts have recognized that various types of tortious conduct—including some forms of negligence—can be the basis for relief under § 1983. *See, e. g.,* Stringer v. Dilger, 313 F.2d 536, 540–541 (10th Cir. 1963); Joseph v. Rowlen, 402 F.2d 367, 369–370 (7th Cir. 1968); Jenkins v. Averett, 424 F.2d 1228, 1232 (4th Cir. 1970). *Cf.* Daniels v. Van De Venter, 382 F.2d 29, 31 (10th Cir. 1967); Whirl v. Kern, 407 F.2d 781, 787–789 (5th Cir. 1968), cert. denied, 369 U.S. 901, 90 S.Ct. 210, 24 L. Ed.2d 177 (1969).

These decisions do not, however, eliminate the requirement under § 1983 that the plaintiff establish a deprivation of his constitutional rights through the conduct of the defendant. In this respect, we do not believe that Appellant's claim presents a deprivation of his constitutional rights as a result of Appellee's allegedly negligent conduct. The most readily cognizable constitutional infringement under the conduct challenged in the complaint would be a denial of equal protection. We do not believe, however, that the alleged negligence of Appellee in permitting an "insane" prisoner to roam within the prison and in allowing that prisoner to have access to a dangerous instrument, resulting in injury to another prisoner, constitutes a denial of equal protection cognizable under § 1983. As noted by the Court of Appeals for the Ninth Circuit in reviewing a claim virtually identical to that presented here,

"In order to be actionable under section 1983 [as a denial of equal protection], . . . we believe that more than an isolated incident of negligent failure to protect must be alleged." Williams v. Field, 416 F.2d 483, 485 (9th Cir. 1969).

We thus believe that Appellant's claim based on Appellee's alleged negligence was properly dismissed by the District Court.

As to the claim that Appellant was arbitrarily placed in solitary confinement solely because he was the victim of the "insane" prisoner's beating, we are compelled to reverse the District Court's dismissal in view of the Supreme Court's recent decision (filed after the District Court's ruling) in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Haines, an inmate in the Illinois State Penitentiary, sought damages under § 1983, claiming that he suffered injuries while in disciplinary confinement and that he was denied due process in the steps leading to that confinement. There, as here, the District Court dismissed the complaint because it did not allege "exceptional circumstances" warranting judicial intervention into the internal operations of state penitentiaries and because it did not show a deprivation of a constitutional right. The Court of Appeals affirmed, emphasizing the broad discretion afforded to prison officials in disciplinary matters. The Supreme Court reversed, holding that the District Court erred in summarily

ruling that the complaint alleged no facts which, if proven, would entitle the plaintiff to relief.

■■ Significantly, the *Haines* case involved a *pro se* complaint—as does the present case—which requires a less stringent reading than one drafted by a lawyer. Thus, although the second claim in Appellant's *pro se* complaint does not appear to allege facts to support a finding of cruel and unusual punishment, Appellant must be permitted to introduce evidence of any constitutional deprivation—particularly the denial of due process—which would warrant relief under § 1983.

Jones, Circuit Judge, dissented and filed opinion.

The judgment of the District Court with respect to Appellant's claim of arbitrary commitment to solitary confinement is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.