Eddie LeBLANC, Jr., Plaintiff,

v.

Charles C. FOTI, Jr. and John Torregano, Defendants.

Civ. A. No. 74-2266.

United States District Court, E. D. Louisiana.

Jan. 31, 1980.

---

Mark A. Moreau, New Orleans, La., for plaintiff.

LeRoy A. Hartley, New Orleans, La., for defendants.

CASSIBRY, District Judge:

This matter comes before the court in the following manner: On August 19, 1974, plaintiff Eddie LeBlanc, Jr. filed a pro se complaint against Orleans Parish Criminal Sheriff Charles C. Foti, Jr., alleging that, while LeBlanc was a pretrial detainee at Orleans Parish Prison, he was denied the equal protection of the laws and due process of law by certain individuals employed at the prison. On September 23, 1974, the complaint was amended to include, *inter alia*, an allegation that plaintiff LeBlanc was maced while he was in solitary confinement at the prison. On the recommendation of the magistrate, an evidentiary hearing was held in open court on September 24, 1975. At the hearing LeBlanc presented evidence to support his allegations that, while he was confined at Orleans Parish Prison, he was sprayed with mace and denied medication for hepatitis from which he claimed he was suffering at the time. At the conclusion of the hearing the case was left open for the reception of medical evidence and a further hearing, if necessary, on the issue of the alleged denial of medication.

Over one year after the evidentiary hearing, plaintiff LeBlanc retained an attorney to complete the prosecution of this case. Subsequently, on August 10, 1978, the complaint was amended to conform to the evidence adduced at the evidentiary hearing and supplemented to include Orleans Parish Deputy Sheriff John Torregano as a defendant. According to the allegations of the amended complaint, defendant Torregano was the individual who sprayed LeBlanc with mace. The amended complaint further stated that the alleged macing incident constituted cruel, unusual and excessive punishment in violation of the Eighth Amendment to the United States Constitution, and summary punishment in violation of the Due Process Clause of the Fourteenth Amendment. The action was thus brought under 42 U.S.C. § 1983 seeking declaratory and monetary relief for a deprivation, by persons acting under color of state law, of rights, privileges and immunities secured by the Constitution and laws of the United States.

On September 20, 1978, plaintiff LeBlanc withdrew a request for a second evidentiary hearing (to be held on the issue of the alleged denial of medication for hepatitis) and moved the court to set a deadline for the filing of briefs on the macing issue alone. Subsequently the case was submitted to the court for a decision and plaintiff and defendants submitted post-trial memoranda addressing the macing issue.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1343(3), 1343(4) and 2201.

On or about July 17, 1974, plaintiff LeBlanc was arrested by deputies of the Orleans Parish Criminal Sheriff's Office and placed in the custody of defendant Sheriff Charles C. Foti, Jr., at Orleans Parish Prison. The next day LeBlanc was placed in solitary confinement on the Fifth Floor Isolation Tier of the prison for his violation of Orleans Parish Prison Rules and Regulations. He remained in solitary confinement until July 25, 1974. On or about July 18, 1974, while plaintiff LeBlanc was in solitary confinement, a disturbance broke out on the Fifth Floor Isolation Tier. This disturbance was created by the inmates in an effort to procure medication for plaintiff LeBlanc who claimed he was suffering from hepatitis.

The evidence against defendant John Torregano in this case is scant and conflicting. Plaintiff LeBlanc testified that while he was confined on the Fifth Floor Isolation Tier of Orleans Parish Prison on July 18, 1974, defendant Torregano came onto the floor "and he [Torregano] got kind of, more or less indignant because I [LeBlanc] was trying to get my medication, and he just went down by the cell, from cell to cell, and he sprayed mace on all them dudes." Another witness, Jeffrey Glover, testified that he was an inmate on the fifth floor of the prison at the time, and that an officer sprayed all the cells with mace. However, he did not identify defendant Torregano until plaintiff LeBlanc asked the question, "We are talking about Officer Torregano who came up there and sprayed mace on about 36 of the inmates throughout the whole floor of isolation?", to which Glover replied, "Yes, he did." A third witness, Gerald Allen, testified that he, too, was an inmate on the fifth floor of the prison at the time of the alleged macing, but that he was not sprayed with mace. Allen further testified that he had seen no macing occur, but that he believed a macing had occurred because he smelled mace. However, Allen stated that he could not identify the person who might have sprayed the mace. Subsequently, defendant Torregano himself took the stand and testified that based on the records of his work schedule, he was not present at Parish Prison on the dates of July 17, 18 or 19, 1974, but was on duty at the House of Detention on July 17, 1974 and at Charity Hospital on July 18 and 19, 1974.

While I am not entirely certain that no macing of the plaintiff occurred, I am satisfied that defendant Torregano did not mace the plaintiff. Torregano was not even present at the scene of the alleged macing. He was instead on duty at Charity Hospital in New Orleans at the time. Plaintiff LeBlanc has thus failed to satisfy his burden of proof in this regard, and judgment in favor of defendant Torregano will be entered.

To the extent that the complaint alleges a claim against defendant Foti it includes the following allegations: (1) As the Orleans Parish Criminal Sheriff, defendant Foti is the manager of Orleans Parish Prison. (2) Foti was negligent in assigning defendant Torregano to a duty for which Torregano did not have the proper temperament. (3) Foti failed to adequately train Torregano in the proper and allowable uses of mace in a prison. In view of the court's finding that Torregano did not perpetrate the alleged macing, these allegations fail to state a claim for which relief can be granted and they are dismissed.

The only other allegation regarding defendant Foti is the allegation that he failed to establish procedures for regulating the use of mace and tear gas by deputy sheriffs at Orleans Parish Prison. No evidence has been offered to prove this allegation, which was denied by Foti, and the court finds it to be without merit.

Assuming *arguendo* that Foti *had* failed to establish procedures for regulating the use of mace and tear gas, this allegation alone would be insufficient to constitute a claim cognizable under 42 U.S.C. § 1983. Whether or not to promulgate certain regulations concerning Orleans Parish Prison procedures or discipline is a matter within the discretion of defendant Foti as administrator of the prison. The courts have long recognized that the administration of prisons and the maintenance of discipline therein are executive functions with which the courts are loathe to interfere. *See, e. g., Starrti v. Beto*, 405 F.2d 858 (5th Cir. 1969), *cert. denied*, 395 U.S. 929, 89 S.Ct. 1789, 23 L.Ed.2d 247 (1969); *Jackson v. Goodwin*, 400 F.2d 529 (5th Cir. 1968); *Beard v. Lee*, 396 F.2d 749 (5th Cir. 1968); *Tabor v. Hardwick*, 224 F.2d 526 (5th Cir. 1955), *cert. dismissed*, 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784 (1955), *cert. denied*, 350 U.S. 971, 74 S.Ct. 445, 100 L.Ed. 843 (1956). It is especially inappropriate for a federal court to interfere with a state prison except where paramount federal constitutional or statutory rights intervene. *See Krist v. Smith*, 309 F.Supp. 497, 499 (S.D.Ga.1970).

Of course, the courts must be responsive to complaints by prison inmates of conditions of incarceration which overstep the bounds of federal constitutional limitations. *See Campbell v. Beto*, 460 F.2d 765 (5th Cir. 1972); *Hayes v. Walker*, 555 F.2d 625 (7th Cir. 1977), *cert. denied*, 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977). Accordingly, where the negligence of a prison warden leads to a violation of constitutional rights of prisoners, it must be assumed that under proper circumstances Section 1983 provides a remedy. *See Puckett v. Cox*, 456 F.2d 233, 235 (6th Cir. 1972), and cases therein cited. *Cf. Jenkins v. Meyers*, 338 F.Supp. 383, 388 (N.D.Ill.1972) (mere negligence involving an act void of not only specific intent, but intent as such, held not to be basis for suit under 42 U.S.C. § 1983). However, in order for negligence to provide grounds for a Section 1983 suit, it must be shown to have resulted in the violation of some constitutional right. *Puckett v. Cox, supra*, 456 F.2d at 235; *Cole v. Smith*, 344

F.2d 721, 724 (8th Cir. 1965); *Davis v. United States*, 316 F.Supp. 80, 82 (E.D.Miss. 1970), *aff'd.*, 439 F.2d 1118 (8th Cir. 1971). *Cf. Breeden v. Jackson*, 457 F.2d 578 (4th Cir. 1972) ("It is only when the deprivations of prison confinement impose conditions of such onerous burdens as to be of constitutional dimensions that courts may intervene in prison management." *Id.* at 580).

In this case, plaintiff LeBlanc has failed to show that he has suffered any constitutional deprivation. If LeBlanc was maced, he was not the sole target of such macing. The evidence demonstrates that shortly before the alleged incident, a disturbance broke out among the inmates on the fifth floor of the prison. If, in response, prison guards utilized mace as a method of quelling the disturbance, there would be a question as to whether such macing were justified. In determining this issue it is necessary to look at several factors. In this regard, the Second Circuit has stated:

> The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973).

Looking at the factors suggested by the *Johnson* court, I find that the plaintiff has failed to establish that he has suffered the deprivation of a constitutional right. The use of mace by prison guards to quell the

disturbance created by the inmates at the parish prison was not the use of unreasonable force under the circumstances. *See Clemmons v. Greggs,* 509 F.2d 1338, 1340 (5th Cir. 1975) (use of tear gas when reasonably necessary to prevent prison escapes or riots held not to constitute cruel and inhuman punishment); *Davis v. United States, supra,* 439 F.2d at 1119 (complaint alleging that plaintiff was caused to come into contact with tear gas used by jail officers in quelling disturbance in prison held insufficient to sustain an action under 42 U.S.C. § 1983). *Cf. McCargo v. Mister,* 462 F.Supp. 813, 819 (D.C.Md.1978) (held, that the use of chemicals agents such as tear gas and mace on inmates confined in their cells should be strictly limited to circumstances presenting the utmost degree of danger and loss of control). *Accord, Spain v. Procunier,* 408 F.Supp. 534, 545 n.14 (N.D.Cal.1976). Moreover, the extent of plaintiff's injury, being no more than a blister caused by contact of plaintiff's skin with the mace, was slight. Certainly it was not the type of injury that results from conduct that "shocks the conscience" and gives rise to a claim for deprivation of constitutional rights. *See Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). *See also Johnson v. Glick, supra,* 481 F.2d at 1033.

Finally, there is nothing in the evidence which supports a finding that the mace was used, not in a good faith effort to quell the disturbance, but "maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick, supra,* 481 F.2d at 1033. If, in fact, plaintiff LeBlanc was maced, such macing was more likely than not a response to the disturbance created by the inmates on the Fifth Floor Isolation Tier of Orleans Parish Prison on or about July 18, 1974, and was directed at all the inmates in order to quell the disturbance. Moreover, if the alleged macing occurred, it was of minimal consequence, and plaintiff LeBlanc suffered no damages beyond a slight blister which occurred as a result of the contact of plaintiff's skin with a small amount of mace. Without proof of a violation of plaintiff's federally protected rights, there can be no recovery against Sheriff Foti on the grounds of mere negligence under 42 U.S.C. § 1983. Accordingly, judgment will be entered in favor of defendant Foti.

The Clerk is directed to enter judgment dismissing plaintiff's suit.