758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TIMOTHY PAUL KEENAN, PLAINTIFF-APPELLANT,
v.
FRANK ELO, PAMELA WITHROW, ELTON SCOTT, BARRY MINTZES,
MICHIGAN DEPARTMENT OF CORRECTIONS, DEFENDANTS-APPELLEES.
 NO. 84-1324
 United States Court of Appeals, Sixth Circuit.
 2/21/85
 ORDER
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges; and PORTER, Senior District Judge.*
 
 
 2
 Keenan appeals from the grant of summary judgment in favor of the defendants in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Keenan is a prisoner at the State Prison of Southern Michigan. The defendants are prison officials. Keenan was assaulted by another inmate. When he reported the assault three days later, the prison officials placed him in a form of administrative segregation pending an investigation of the assault. Keenan alleges that he should not have been placed in administrative segregation, that his procedural due process rights were violated regarding the segregation, and that the prison officials failed to protect him from the other inmate.
 
 
 4
 The prison officials placed Keenan in administrative segregation to avoid the danger that his friends and the friends of the assailant would retaliate and spread violence through the institution. We will accord deference to such a decision. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Keenan received immediate notice of the reasons for his administrative segregation and was given an opportunity to present his position concerning the matter within ten days of being placed in segregation. These procedures satisfy the informal due process necessary in this situation. Hewitt v. Helms, ---- U.S. ----, 103 S.Ct. 864, 874 (1983). Finally, there was no prior indication that this inmate would be a danger to Keenan. Therefore, this assault involves merely an isolated incident of a negligent failure to protect an inmate and does not raise a constitutional violation. Puckett v. Cox, 456 F.2d 233, 235 (6th Cir. 1972).
 
 
 5
 All of Keenan's issues are without merit. Therefore, the judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation