815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert C. DRAKE, Plaintiff-Appellant,
v.
T.D. TAYLOR, Warden; The Staff of the Mail Room; R.
Turjanica, Superintendent of Custody; T.
Stickrath, Superintendent of Treatment,
Defendants-Appellees.
 No. 86-3036.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the parties' briefs and the record, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action filed pursuant to 42 U.S.C. Sec. 1983, plaintiff seeks injunctive relief and damages for an alleged violation of his constitutional rights. Defendants filed a motion to dismiss to which plaintiff failed to reply. The district court granted defendants' motion and dismissed the action. This appeal followed.
 
 
 3
 An examination of the record reveals that less than one month after plaintiff filed his action for injunctive relief he was released from Orient Correctional Institute and now resides in Houston, Texas. Because plaintiff no longer has a cognizable legal interest in the outcome of this case and because he is no longer subject to the alleged wrongdoings of the defendants, his case for injunctive relief is moot and there is no longer the requisite Article III actual case or controversy. Powell v. McCormack, 395 U.S. 486, 496 (1969); International Union, United Auto., Aerospace, Agricultural and Implement Workers of America v. Dana Corp., 697 F.2d 718, 721 (6th Cir.1983); United States v. City of Detroit, 720 F.2d 443, 448 (6th Cir.1983).
 
 
 4
 Furthermore, plaintiff has failed to state a claim for damages because he has not alleged any personal involvement by defendants in the improper actions. See Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983); Rizzo v. Goode, 423 U.S. 362, 373-77 (1976). Plaintiff has also failed to establish a cognizable Sec. 1983 deprivation of constitutional rights. He has merely alleged two isolated instances of improper behavior as a result of which no injury occurred, according to plaintiff's complaint, and which do not rise to the egregious level of a constitutional violation. Morgan v. Montanye, 516 F.2d 1367 (2d Cir.1975), cert. denied, 424 U.S. 973 (1976); Puckett v. Cox, 456 F.2d 233, 235 (6th Cir.1972); see also Daniels v. Williams, 106 S.Ct. 662 (1986); Davidson v. Cannon, 106 S.Ct. 668 (1986); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). Thus, plaintiff has failed to allege a cognizable 42 U.S.C. Sec. 1983 claim for damages.
 
 
 5
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the district court judgment be affirmed.