# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3256

_____

Stacy Abram, Jr.,              *
                                      *

        Appellant,          *

                                        *

        v.                       *  Appeal from the United States
                                        *  District Court for the

Department of Agriculture, (Sued as  *  Eastern District of Arkansas.
United States of America),        *

                                        *        [UNPUBLISHED]

        Appellee.          *

_____

Submitted:  September 6, 1999

Filed:  September 27, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Following entry of judgment in his civil suit against the Department of Agriculture (USDA), Stacy Abram, Jr. appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 damages claim.  We affirm the dismissal of this claim because Mr. Abram may not seek such relief against USDA, a federal agency, under section 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (§ 1983 plaintiff must show alleged

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

deprivation of constitutionally protected right was committed by person acting under color of state law); <u>Hindes v. Federal Deposit Ins. Corp.</u>, 137 F.3d 148, 158 (3d Cir. 1998) (finding no authority to support conclusion federal agency is "person" subject to § 1983 liability, whether or not in alleged conspiracy with state actors); <u>Davis v. United States</u>, 439 F.2d 1118, 1119 (8th Cir. 1971) (per curiam) ("By its plain language the statute does not authorize redress against the United States."); <u>cf.</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64, 71 (1989) (neither state, nor its officials acting in their official capacities, are "persons" under § 1983). Mr. Abram's claim, even if construed as one brought under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), still fails because <u>Bivens</u> also is not a basis upon which to sue a federal agency and Mr. Abram did not name any individuals as defendants. <u>See</u> <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 484-86 (1994) (refusing to extend <u>Bivens</u> to federal agencies and noting individual must be named as defendant under <u>Bivens</u>). Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.