FILED
August 25, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk



Case No. 03-14-00342-CV

---

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

---

ALLY FINANCIAL, INC., et al,

Plaintiff-Appellee,

v.

MEERA SINGH and SAM HOUSTON,

Defendant-Appellant.

---

ON APPEAL FROM 368TH DISTRICT COURT WILLIAMSON COUNTY

Trial Court No. 13-0936-C368

*APPELLANT'S PETITION FOR REHEARING FOR CAUSE*

RECEIVED
AUG 2 5 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

1

TO: THE PRESIDING JUSTICE AND ASSOCIATE JUSTICES OF THE HONORABLE THIRD COURT OF APPEALS:

**NOTICE of Special Pro Se Litigant Rights:**

INJUNCTIVE RELIEF SOUGHT JURY DEMAND AND DIRECT CONSTITUTIONAL CHALLENGE TO THE CURRENT TEXAS POLICY for Pro-Se' litigants is unconstitutional per SCOTUS *Haines Holding*.

Comes now, Appellants, Sam Houston and Meera Singh who respectfully petitions this Honorable Court for a rehearing in the above-entitled matter after decision of this Court was filed August 18, 2015, affirming the judgment. A copy of opinion is attached Appendix A for the Court's convenience.

The reasons why the rehearing should be granted are set forth below.

## ARGUMENT

**REHEARING SHOULD BE GRANTED BECAUSE THIS COURT IMPROPERLY DECLINED TO CONSIDER APPELLANTS ARGUMENT IN ASSESSING THE PREJUDICE ENGENDERED, DESIGNED TO CHILL PRO-SE' LITIGANTS BY IGNORING THE HAINES STANDARD OF REVIEW. IN FULL VIEW THAT HAINES HAS NOT BEEN OVERTURNED IN THE 5TH CIRCUIT OR TEXAS COURTS AS A STANDARD OF REVIEW?**

**WHETHER THE COURT'S RELIANCE ON TEXAS STATUTES AND CITATIONS CONTAINS AN UNWRITTEN POLICY TO IGNORE THE HAINES STANDARD OF REVIEW IS IN VIOLATION OF THE HAINES COURT HOLDINGS BY ERECTING STATUTES AND CITED CASES THAT ARE INTENDED TO CHILL A CITIZEN'S RIGHT TO DUE**

2

**PROCESS THAT IN ACTUAL PRACTICE HOLDS A PRO-SE CITIZEN TO A HIGHER STANDARD OF PLEADING THAN AN ATTORNEY.**

**DID THE PREJUDICE TO PRO-SE APPELLANTS STEM FROM TEXAS IGNORING THE LAW USING "WE ARE BOUND.." AS CITED BY THIS COURT?**

**DOES TEXAS HAVE PROOF THAT A PRO-SE LITIGANT WOULD BE GIVEN AN UNFAIR ADVANTAGE OVER AN ATTORNEY IF THE APPELLEE IS A BANK?**

The Court's in Texas are given the opportunity, like everyone else, to change the *Haines* Standard in the U.S. Supreme Court, until then this Court has no authority to ignore precedent landmark law.

This Court and the Courts below improperly overturned or ignored the specific holdings of *Haines V Kerner* and its progeny substituting its own standards when a Landmark Case holds precedent.

**The below Texas Statutes and citations to authority do not meet constitutional muster.**

See Tex. R. App. P. 47.1; see also id. R. 33.1 (error-preservation requirements), R. 38.1(i)2 (briefing requirements). While appellants have acted pro se, we are bound to apply the same procedural and substantive standards to them as with litigants represented by counsel, lest we give them an unfair

3

advantage. See *Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).*

*These above statutes and citation results fail to meet constitutional muster, are as inexplicable as the attitudes of counsel, that have no vigor and contain no precedent setting value in fact chilling the rights of the incarcerated, and property owner citizens of Texas.*

**THERE IS NO PROOF THAT A PRO-SE' LITIGANT IN VIEW OF HAINES HAS BEEN GIVEN AN UNFAIR ADVANTAGE**

The Appellants are quite certain that the U.S. Supreme Court in Haines considered the possibility of unfairness in holding 3 times that a pro-se litigant be given an opportunity to be heard and that evidence be preserved until a fair and impartial tribunal can hear the same. see *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); Puckett v. Cox, 456 F. 2d 233 (6th Cir. 1972); and, etc., etc., etc.*

That a pro-se litigant exercising a most fundamental 5th and 14th Amendment right to due process has or will have an unfair advantage is fantasy. It is clear from this record and others the only unfairness is to the citizen who has a right to a fair proceeding based upon the rule of law

4

While failing to object to error which could be cured with a timely objection may preclude an appellant from raising the error on appeal, it does not make the error go away. It does not make the fact of the argument disappear or the impact that the argument may have had on other issues non-existent.

Accordingly, appellant did not waive the prejudice engendered by statutes and citations used which enabled counsel to misuse them in arguments to the Court.

Therefore, this Court should not only grant rehearing but to consider the prejudicial impact of the erroneous evidence used that Appellant's were in fact indigent and recently granted leave to proceed in a higher court.

_____

Sam Houston,

Meera Singh

For Appellants

P.O. Box 19814

Austin, Texas 78760

(512) 257 9028

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct emailed copy of the foregoing has been sent to the below on this the 20TH day of August 20, 2014.

**Ally Financial Inc.**
EMAIL: kharris@bhhlaw.com
Kimberly Harris
BEASLEY, HIGHTOWER, & HARRIS, P.C.
1601 Elm Street, Suite 4350
Dallas, Texas 75201-7301
Phone: (214) 220-4700



6

Date:        August 18, 2015

Case Number:  03-14-00342-CV
Trial Court No.: 13-0936-C368

Style:       Sam Houston and Meera Singh v. Ally Financial, Inc.

---

You are hereby notified that appellant's appeal denial of pauperis status as punitive denying access to the courts was dismissed as moot; and defendant's combined motion to compel release of transcript to the Court of Appeals at no cost was denied on the date noted above. Also, the enclosed opinion and judgment were sent this date to the following persons:


Mr. Sam Houston
P. O. Box 19814
Austin, TX 78760-9814
* DELIVERED VIA E-MAIL *

Ms. Meera Singh
P. O. Box 19814
Austin, TX 78760-9814
* DELIVERED VIA E-MAIL *

Ms. Kimberly Harris
1601 Elm Street, Suite 4350
Dallas, TX 75201
* DELIVERED VIA E-MAIL *

The Honorable Lisa David
Williamson County District Clerk
P. O. Box 24
Georgetown, TX 78627
* DELIVERED VIA E-MAIL *

The Honorable Rick J. Kennon
368th District Judge
405 Martin Luther King, Box 8
Georgetown, TX 78626

The Honorable Billy Ray Stubblefield
Administrative Judge
Williamson County Courthouse
405 Martin Luther King, Box 2
Georgetown, TX 78626
* DELIVERED VIA E-MAIL *

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00342-CV

**Sam Houston and Meera Singh, Appellants**

**v.**

**Ally Financial, Inc., Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 13-0936-C368, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Ally Financial, Inc., sued William G. Houston for breaching his payment obligations under an automobile lease agreement. In addition *to seeking* money damages and attorney's fees from Houston, Ally sought to foreclose its security interest in and recover possession of the vehicle.[1] Ally subsequently obtained a default judgment on these claims, which was later merged into the final judgment, and eventually recovered possession of the vehicle *as well.* William Houston has not appealed this judgment and is not a party to this proceeding.

In the interim, Ally had asserted additional claims seeking possession of the vehicle as against two of William Houston's relatives, Sam Houston and Meera Singh (a/k/a Meera Houston), appellants here. In contrast to William Houston, appellants were quite vigorous in litigating against

---

[1] A 2011 Cadillac SRX. Houston had entered into the lease with Covert Buick, Inc., and Covert assigned the lease to Ally.

Ally, interposing myriad pro se filings and asserting counterclaims. Both Ally and appellants moved for summary judgment. While the motions were pending before the district court, Ally non-suited its claims against appellants, leaving at issue only appellants' affirmative claims. The district court granted final summary judgment that appellants take nothing on their claims, and they perfected this appeal.

As best we can understand appellants' briefing on appeal, they attempt to complain of the district court's rendition of judgment against *William* Houston and various persons and disputes not before the district court, or raise contentions that were not preserved below. Appellants also claim that a visiting judge initially denied Ally's summary-judgment motion before the presiding judge later granted it, suggesting such circumstances imply some sort of error or impropriety. We find no reversible error in the district court's judgment against appellants, and we affirm.[2]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: August 18, 2015

_____

[2] *See* Tex. R. App. P. 47.1; *see also id.* R. 33.1 (error-preservation requirements), R. 38.1(i) (briefing requirements). While appellants have acted pro se, we are bound to apply the same procedural and substantive standards to them as with litigants represented by counsel, lest we give them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

**Sam Houston**

**P. O. Box 19814**

**Austin, TX 78760-9814**

**512 257 9028**

**Samhouston7@hotmail.com**

August 18, 2015

* DELIVERED VIA E-MAIL *
*USPS
COURT OF APPEALS
FOR THE
THIRD DISTRICT OF TEXAS
P.O. BOX 12547,
 AUSTIN, TEXAS 78711-2547

(512) 463-1733


RE: **Case Number: 03-14-00342-CV**

**Trial Court No.: 13-0936 C368**

Style: Meera Singh and Sam Houston v. Ally Financial, Inc.

Dear Court Clerk,

Please find enclosed a Petition for Rehearing before the Court in Banc for Cause challenging the use of statutory law and citations that chill indigent pro-se litigants from accessing a fair and impartial court.

 If the Appellants have the email of the interested parties they were served with a copy.

RECEIVED

AUG 2 5 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

Sam Houston
P. O. Box 19814
Austin, TX 78760-9814

COURT OF APPEALS
FOR THE
THIRD DISTRICT OF TEXAS
P.O. BOX 12547,
AUSTIN, TEXAS 78711-2547

