**Walter Leroy FOSTER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 187.**

United States Court of Appeals Sixth Circuit.

April 27, 1965.

Walter Leroy Foster, in pro. per.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, for respondent.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

Petitioner, a prisoner in the United States Penitentiary at Marion, Illinois, filed a motion in the district court on July 6, 1964, to vacate sentence under 28 U.S.C. § 2255. This motion was accompanied by a motion for leave to proceed in forma pauperis in which petitioner stated under oath that "he is a poor person without funds or property, real or otherwise, with which to defray the necessary costs incurred in filing and procession [sic] the current motion." Attached to the motion was a letter from the warden of the penitentiary stating that "we have checked his institutional account and find that he is without funds."

Under date of January 11, 1965, the district judge entered the following order:

"Upon consideration, IT IS ORDERED that the application of the petitioner for leave to file in forma pauperis is overruled."

Thereupon petitioner filed with the district court a notice of appeal and a motion for leave to appeal in forma pauperis. Under date of February 18, 1965, the district judge entered the following order:

"Upon consideration, IT IS ORDERED that the motion of petitioner to proceed on appeal in forma pauperis and for appointment of counsel is overruled."

Petitioner has now filed in this court an application to proceed on his appeal in forma pauperis and an affidavit of indigency.

As said by this court in Loum v. Underwood, 262 F.2d 866, 867 (C.A.6):

"The right to proceed in forma pauperis under Sec. 1915, Title 28, U.S.Code, is not an unqualified one. The statute provides that the Court *'may* authorize' the commencement or prosecution of a suit without prepayment of fees and costs. (Emphasis added.) If the proposed action is clearly without merit, it is within the discretion of the District Judge to deny the application."

In Oughton v. United States, 310 F.2d 803, 804 (C.A.10), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693, the court said:

"Under these circumstances, the district court could have dismissed this proceeding on the ground that it was frivolous. We have said that if an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d). Ragan v. Cox, 10 Cir., 305 F.2d 58; Martin v. United States, 10 Cir., 273 F.2d 775, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816."

In the present case the district court has made no determination to the effect that the allegations of indigency are untrue or that the proceeding is frivolous, and has not passed upon the merits of the motion to vacate sentence. Petitioner's application to proceed on his § 2255 motion in forma pauperis has been denied, without any finding setting forth the grounds therefor.

The denial by a district judge of a motion to proceed in forma pauperis is an appealable order. Roberts v. United States District for Northern Dist. of Calif. Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326. The motion of petitioner to appeal in forma pauperis is granted. The order of the district court denying the application to proceed in forma pauperis is vacated, without prejudice to the right of the district court to re-enter another order to the same effect.

The case is remanded to the district court for further proceedings, including further consideration of petitioner's motion to proceed in forma pauperis on his motion to vacate sentence. In event this motion is again denied, the district court is directed to set forth the reasons therefor.