Edward D. RIMKA, Plaintiff,

v.

FAYETTE COUNTY BOARD OF COMMISSIONERS, FAYETTE COUNTY, LEXINGTON, KENTUCKY, et al., Defendants.

No. 2540.

United States District Court,
E. D. Kentucky,
Lexington Division.

July 19, 1973.

Edward D. Rimka, pro se.

E. Lawson King, County Atty., Fayette County, Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge:

Edward D. Rimka, currently serving a twenty-five year sentence for bank robbery, 18 U.S.C. § 2113, seeks leave to proceed in forma pauperis in this Civil Rights action for damages against various Fayette County Jail officials for deprivations allegedly suffered during his confinement on federal charges.

The complaint recites numerous misdeeds and omissions committed by or with the consent of the defendants, including: maintenance of substandard living conditions; psychological oppression resulting in part from inadequate supervision of prisoners; denial of medical aid; curtailment of religious freedom; racial segregation; and obstruction of mail. Most of these contentions do not warrant judicial attention. Rimka's criticism of the lack of medical treatment is not of constitutional magnitude since simple malpractice, in the absence of treatment "shocking the conscience," is not actionable under the Civil Rights Act. Gittlemacker v. Prasse, 3d Cir., 428 F.2d 1 (1970). Similarly, general complaints relating to environmental conditions are questions of internal penal administration which this court will not oversee. Marnin v. Pinto, 3d Cir., 463 F.2d 583 (1972); Sawyer v. Sigler, 8th Cir., 445 F.2d 818 (1971). The prevalence of a "state of fear" in the Fayette County Jail, while regrettable, presents no meritorious claim in view of the absence of any reference to actual physical abuse by guards or fellow inmates. Reynolds v. Swenson, W. D.Mo., 313 F.Supp. 328 (1970). Finally, the allegations relating to the abridgment of religious freedom and racial segregation are conclusory in nature and do not demand the attention of this court. Fletcher v. Hook, 3d Cir., 446 F. 2d 14 (1971).

The obstruction of Rimka's access to the court and his attorney presents a more serious problem. Reasonable control of the mails is a legitimate byproduct of prison security; however, communication between the inmate and counsel and access to the court may not be infringed. Christman v. Skinner, 2d Cir., 468 F.2d 723 (1972); Corby v. Conboy, 2d Cir., 457 F.2d 251 (1972).

Leave to proceed in forma pauperis is a privilege which should be granted only where the court, in its discretion, is persuaded that a meritorious cause of action is stated. Williams v. Field, 9th Cir., 394 F.2d 329 (1968), cert. denied 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968); Shields v. United States, E.D.Ky., 201 F.Supp. 790 (1962), aff'd 6th Cir., 310 F.2d 708 (1962), cert. denied 374 U.S. 837, 83 S. Ct. 1888, 10 L.Ed.2d 1058 (1963). Conversely, pro se pleadings must be carefully and sympathetically examined to ascertain the existence of any basis for recovery. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Puckett v. Cox, 6th Cir., 456 F.2d 233 (1972). Where the merit of a complaint is doubted, it is preferable to grant leave to proceed and, if warranted, dismiss at a later point in light of subsequent proceedings. DuHart v. Carlson, 10th Cir., 469 F.2d 471 (1972); Foster v. United States, 6th Cir., 344 F. 2d 698 (1965). While there may very well have been only minimal interference with Rimka's rights, a summary dismissal at the initiatory level would be improper. Accordingly, an order will be entered sustaining the plaintiff's motion to proceed in forma pauperis.