**Douglas M. YATES, Plaintiff,**

v.

**Nova WELLMAN, Clerk, Lawrence Circuit Court, Louisa, Kentucky, Defendant.**

**Douglas M. YATES, Plaintiff,**

v.

**"OFFICIAL COURT STENOGRAPHER" OF LAWRENCE CIRCUIT COURT Louisa, Kentucky, Defendant.**

No. Misc. 74–1.

United States District Court, E. D. Kentucky, Catlettsburg Division.

March 27, 1974.

---

438

---

Douglas M. Yates, pro se.

### MEMORANDUM OPINION

HERMANSDORFER, District Judge.

Douglas M. Yates, who is presently incarcerated in the Kentucky State Penitentiary, Eddyville, Kentucky, seeks leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(a), in these Civil Rights actions for damages against the Clerk of the Lawrence Circuit Court, Lawrence County, Kentucky and the unnamed "Official Court Stenographer" of the same court for deprivations allegedly suffered as a result of their negligent failure to provide the plaintiff the records and transcript of the proceeding in that court in which he sought post-conviction relief, R.Cr. 11.42, from a sentence previously imposed in that court. It is the plaintiff's contention that, as a result, he was unable to perfect an appeal of the denial of his application for post-conviction relief.

Leave to proceed *in forma pauperis* is a privilege which should be granted only where the Court, in its discretion, is persuaded that a meritorious cause of action is stated. Shields v. United States, 201 F.Supp. 790 (E.D. Ky.1962), aff'd 310 F.2d 708 (6th Cir. 1962), cert. denied 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963). Con-

versely, *pro se* pleadings must be carefully and sympathetically examined to ascertain the existence of any basis for recovery. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Puckett v. Cox, 456 F.2d 233, 236 (6th Cir. 1972). If the tendered complaint appears to have some, albeit doubtful, merit the Court is constrained to grant leave to proceed and, if warranted, dismiss at a later point in light of subsequent proceedings. Foster v. United States, 344 F.2d 698 (6th Cir. 1965); Rimka v. Fayette County Bd. of Com'rs, Lexington, Ky., 360 F.Supp. 1263, 1264 (E.D.Ky.1973).

The plaintiff's tendered pleadings, which shall be considered together inasmuch as they set forth a common nucleus of operative facts and issues of law, allege this Court has jurisdiction under the provisions of 42 U.S.C. § 1983 which provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen . . . or other person . . . . to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress."

■ It would be incorrect as a general rule, and misleading in this particular case, to state that the negligent conduct of these defendants, acting under the color of state law can not be the basis for relief under § 1983. In Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court expressly rejected any contention that a plaintiff under § 1983 must establish the defendants' specific intent to deprive the plaintiff of a constitutional right. In reliance upon this ruling by the Supreme Court, numerous courts including this Circuit have recognized that various types of tortious conduct—even some forms of negligence—can be the basis for relief under § 1983. See: Azar v. Conley, 456 F.2d 1382, 1387 (6th Cir.

1972). These decisions do not, however, eliminate the requirement under § 1983 that the plaintiff establish a deprivation of his constitutional rights through the allegedly negligent conduct of these defendants. Puckett v. Cox, *supra,* 456 F. 2d at 235.

■■ The plaintiff's assertion that the defendants' alleged negligent failure to provide him with the transcript and records of his collateral attack on his sentence amounts to a constitutional deprivation must fail. Although · it would be an invidious discrimination for the state to make available a transcript to those who could afford them, yet deny them to those. who were indigent, Mayer v. City of Chicago, 404 U.S. 189, 193, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); Gardner v. California, 393 U.S. 367, 370–371, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969); Gregory v. Knuckles, Ky., 471 S.W.2d 306, 307 (1971), the failure of the defendants to provide them because they simply do not exist does not arise to the magnitude of a constitutional violation. See: Norvell v. Illinois, 373 U.S. 420, 424, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); United States ex rel. McKee v. Pate, 371 F.2d 405 (7th Cir. 1967); United States ex rel. Smart v. Pate, 318 F.2d 559 (7th Cir. 1963); Tracey v. Janco, 351 F.Supp. 836 (N.D.W.Va. 1972); United States ex rel. Hunter v. Follette, 307 F.Supp. 1023 (S.D.N.Y. 1969).

■ The plaintiff's appeal of his motion to vacate is still viable. The failure of the Clerk and/or the Court Stenographer to timely file or perfect the record on appeal does not divest the Kentucky Court of Appeals of jurisdiction. Hunt v. Commonwealth, Ky., 408 S.W.2d 182, 185 (1966). Further, under the provisions of R.Cr. 12.68–12.72 procedures are set forth to be followed on an appeal to the Kentucky Court of Appeals where a stenographic record is unavailable. The plaintiff makes no allegation that this procedure was ever attempted.

Consequently, assuming the alleged negligence of the two defendants was

**440**

proven, that negligence did not serve to deprive the plaintiff of any constitutional right. Puckett v. Cox, *supra*.

■ The plaintiff does not seek release from custody as a result of an unconstitutional confinement. As a result, these pleadings, under the most liberal interpretation, can not be construed as an attempt to obtain federal habeas corpus relief. See: Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L. Ed.2d 439 (1973); Fay v. Noia, 372 U. S. 391, 399 n. 5, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

In view of the foregoing, it is clear that the pleadings tendered to the Court are without merit. Consequently, the plaintiff's motion for leave to proceed *in forma pauperis* shall be denied.

An order in conformity with this Memorandum Opinion will this day be entered herein.