Myron GLEBERMAN, Plaintiff,

v.

Frank TRUSTY, Defendant.

Civ. A. No. 80–18.

United States District Court,
E. D. Kentucky,
Covington Division.

Feb. 27, 1980.

William H. Bixler, Covington, Ky., for plaintiff.

Frank O. Trusty, II, Com. Atty., Covington, Ky., for defendant.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This action was commenced on February 4, 1980, when a document entitled "Petition" was filed in this court. The petition designated Myron Gleberman as "Petitioner" and Frank Trusty as "Defendant." The document recited that the petitioner was the defendant on charges of murder, solicitation to commit murder, and conspiracy to commit murder presently pending in the Circuit Court of Kenton County, Kentucky, the 16th Judicial District of Kentucky. Mr. Trusty is Commonwealth Attorney for that District. Apparently primarily intended as a petition for habeas corpus relief, the document was broad enough also to constitute a complaint for an injunction inasmuch as the relief requested was a "writ of habeas corpus (PROHIBITION)"; and this court was asked to direct the defendant to cease and desist from all efforts to try the petitioner in the state court.

As ground for such relief, the petition alleged that a trial of these charges had previously been begun in the state court and had terminated in a mistrial as a result of alleged "prosecutorial misconduct." Thus, petitioner averred, the forthcoming trial in the Kenton Circuit Court would expose him to double jeopardy.

The Petition alleged that petitioner had exhausted his remedies in the state courts, including the Court of Appeals of Kentucky and the Supreme Court of Kentucky. However, no record of the proceedings in those courts was filed with the petition. Although the allegations of the petition were broad enough to be construed as a complaint for injunctive relief, under Fed.R. Civ.P. 65, the necessary jurisdictional allegations for a valid civil complaint were totally lacking. See Fed.R.Civ.P. 8(a). By a previous order "petitioner" (plaintiff) was granted leave to amend to cure this defect, if he desires to press for injunctive relief.

Inasmuch as the matter seemed to be one of some urgency, the court called a preliminary pre-trial conference, which was held on February 6, 1980, and was attended by counsel for the petitioner and by the Defendant Trusty in person. At the pre-trial conference, the court was informed that this proceeding was intended both as a petition for habeas corpus and as an action for injunctive relief to enjoin the upcoming state trial, which was scheduled to begin February 13. Defendant Trusty stated that, contrary to the averments of the petition, it was his position that the necessary exhaustion of remedies in the state courts, which is a condition precedent for the bringing of a habeas corpus proceeding in this court, was lacking.

On February 7, 1980, the court entered an Order, pursuant to Rule 4 of the Rules of Proceedings under 28 U.S.C. § 2254 (the statute governing habeas corpus relief from state court proceedings). This Order required the defendant to file a response to the petition not later than 4:00 P.M. Friday, February 8, 1980, and to attach to his response copies of the proceedings in the Kentucky Court of Appeals and Supreme Court.[1] The petitioner was ordered to file his reply to the response not later than 4:00 P.M. Monday, February 11, 1980. The response and reply were both timely filed.

■ Having considered the petition, the response, including the record of the state proceedings, and the reply to the response, this court is of the opinion that the petitioner did not exhaust his remedies in the Kentucky state courts, prior to invoking the jurisdiction of this court. Although a federal court may grant pre-trial habeas corpus relief on grounds of double jeopardy, exhaustion of state pre-trial remedies is a pre-requisite. Therefore, the petition, considered as a habeas corpus proceeding, must be dismissed.

■ It is conceded that the petitioner may be considered as a person "in custody" within the meaning of § 2254. However, that statute expressly provides:

and only the proceedings in the Kentucky Court of Appeals are relevant here.

1. The petitioner did initiate certain proceedings in the Supreme Court of Kentucky, but that court held that it was an inappropriate forum,

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1970).

The exhaustion of remedies doctrine as applied in this context, was clearly and concisely explained by Judge Merritt of the United States Court of Appeals for the Sixth Circuit, in delivering the opinion of the court in *Gully v. Kunzman,* 592 F.2d 283, 286 (6th Cir. 1979) cert. denied, 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 292 as follows:

Although it has long been established that there is *power* in federal courts to consider on habeas corpus the merits of a constitutional defense to a state criminal charge in advance of a final judgment of conviction, *Ex parte Royall,* 117 U.S. 241, 253, 6 S.Ct. 734, 29 L.Ed. 868 (1886), considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489–91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). *Before we may intervene, we must find under the federal habeas corpus statute that the* applicant *has exhausted state remedies, or that there is 'an absence of available State corrective process', or 'circumstances rendering such process ineffective.'* 28 U.S.C. 2254(b) (1976). (emphasis added).

In *Gully,* the court held that habeas corpus relief was available from a federal court, in a situation superficially similar to the case at bar. The *Gully* court reached the merits of a habeas petition filed on grounds of double jeopardy by a defendant awaiting trial in a state court. The court said:

Our only disagreement with the District Court is that we think double jeopardy claims, by their very nature, do involve exceptional circumstances warranting an exercise of the power despite the attendant risk of interfering with pending state proceedings. One who sets up a defense under the double jeopardy clause to a pending criminal prosecution is asserting a constitutional immunity from having to undergo 'the risk or hazard of trial and conviction' and does not seek merely to avoid 'the ultimate legal consequences of [an adverse] verdict.' *Price v. Georgia,* 398 U.S. 323, 331, 90 S.Ct. 1757, 1762, 26 L.Ed.2d 300 (1970). The 'prohibition is not against being twice punished, but against being twice put in jeopardy.' *Ball v. United States,* 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896). 592 F.2d at 286.[2]

As we said above, however, the *Gully* case is only superficially similar to the case at bar. For, in that case, the court pointed out that a federal court should not entertain double jeopardy claims on pre-trial habeas corpus, "unless the defendant has exhausted whatever procedures are available to him under state law for 'pre-exposure' vindication of his rights." 592 F.2d at 287.[3]

---

**2.** See also *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), where petitioner was permitted to base his pre-trial habeas corpus petition on violation of his right to a speedy trial. The Court was careful to point out, however, that he had fully exhausted his state pre-trial remedies. The Court also remarked that nothing in its opinion "would permit the derailment of a pending state proceeding by an attempt to litigate Constitutional defenses prematurely in federal court." 410 U.S. at 493, 93 S.Ct. at 1129.

**3.** *See also Webb v. Court of Common Pleas,* 516 F.2d 1034 (3rd Cir. 1975) wherein petitioner, having exhausted his state remedies, was granted his application for a writ of habeas corpus on ground of double jeopardy.

The court pointed out that the petitioner in that case had done this in that he had attempted to obtain pre-trial appellate review by applying to the higher courts of Kentucky for a writ of mandamus or prohibition, and fulfilled the procedural requirements for obtaining pre-trial review on the merits of his double jeopardy claim in the state appellate court.

It is this essential step in the exhaustion of his state court remedies that petitioner in the case at bar has failed to accomplish. For, the record of the state court proceedings clearly demonstrates that the writ of prohibition sought by petitioner in the Court of Appeals of Kentucky was not denied, because the court found that petitioner could not claim double jeopardy on the merits. In fact, the proceeding in the Court of Appeals was not based on a claim of double jeopardy at all, but sought to halt the second state trial until transcripts of the first trial were made available to petitioner.

The record in the Court of Appeals makes this very clear. In fact, defendant Trusty moved the Court of Appeals to reach the merits of the double jeopardy claim, which it declined to do. A copy of the Opinion and Order of the Kentucky Court of Appeals, entered August 17, 1979, is attached to this Memorandum Opinion as an appendix.

This court finds that had petitioner employed the means available to him under the Kentucky Rules of Civil Procedure, he had ample time since the decision of the Kentucky Court of Appeals was rendered on August 17, 1979, to secure a proper record of the proceedings in the trial court or a substitute therefor, and return to the Court of Appeals for a writ of prohibition on the merits of his double jeopardy claim. This, petitioner failed to do. Rule 76.36(4) of the Kentucky Rules of Civil Procedure shows that petitioner could have readily brought

before the Court of Appeals some account of the proceedings in the Kenton Circuit Court on the first trial in the several months between the decision of the Court of Appeals and the commencement of the proceedings in this court.

Although some difficulty was presented by the fact that the court reporter who transcribed much of the proceedings had died, there is no showing that this obstacle was insurmountable. If, indeed, the proceedings could not in fact have been transcribed, nevertheless, the events of the first trial could have been brought before the appellate court in the form of affidavits or depositions of the trial judge, the Defendant Trusty himself, or others having knowledge of the proceedings. Ky.C.R. 76.36(4), supra.[4] No effort in this regard was made either in the Kentucky Court of Appeals, nor, for that matter, in the proceedings in this court. Counsel for the petitioner admitted at the pre-trial conference that he had made no effort to listen to the deceased court reporter's tapes of the proceedings, or to reach a stipulation of events at the first trial with Defendant Trusty.

It cannot be said that seeking a writ of prohibition in the Court of Appeals would be a futile act.[5] In fact, on August 21, 1979, the Supreme Court of Kentucky specifically held that a writ of prohibition lies to afford relief from being tried in violation of double jeopardy rights. *Crawley v. Kunzman*, Ky., 585 S.W.2d 387 (1979).

Since, for all that appears, the petitioner could have presented the merits of his double jeopardy claim to the appropriate state appellate court, by employing available state procedures, and could still do so, this case is only superficially similar to *Gully v. Kunzman, supra*, as this court has hereinabove noted. As clearly stated by the court in *Gully*, this court should not entertain this claim by petitioner, unless he has "exhaust-

---

**4.** *See Yates v. Wellman*, 373 F.Supp. 437 (E.D. Ky.1974), where it was held that the Kentucky Court of Appeals was not divested of jurisdiction where plaintiff had made no allegation of an attempt to follow the provisions of R.Cr.

12.65–12.72 setting out the procedure for appeal of a criminal conviction where a stenographic record was unavailable.

**5.** *See* 28 U.S.C. § 2254(b).

ed whatever procedures are available to him under state law." *See* quotation on page 915, *supra,* and 28 U.S.C. § 2254(c), *supra.* Since petitioner has not done this, the Petition herein, insofar as it is regarded as a Petition for habeas corpus relief must be dismissed. The petitioner is not without remedy, since he may still present the merits of his double jeopardy claim to the state trial court and to the state appellate courts either by petition for writ of prohibition or by direct appeal, if he is convicted.

The Clerk is directed to enter the final judgment on this matter, which is contained in a separate order filed concurrently herewith.

## APPENDIX

### COMMONWEALTH OF KENTUCKY
### COURT OF APPEALS
NO. 79–CA–1171–OA

MYRON GLEBERMAN     PETITIONER

v.     ORIGINAL ACTION REGARDING KENTON CIRCUIT COURT

COMMONWEALTH OF KENTUCKY     RESPONDENT

## OPINION AND ORDER DENYING WRIT OF PROHIBITION

Before WINTERSHEIMER, HOGGE and REYNOLDS, JJ.

WINTERSHEIMER, Judge.

Myron Gleberman has petitioned this Court for a writ of prohibition to prevent the Commonwealth from instituting further procedures against the petitioner on the ground that the complete record of prior proceedings has not been made available to him. The Commonwealth has moved this Court to overlook any procedural discrepancies and to rule on the merits of the petitioner's plea of former jeopardy.

The petitioner complains that the entire transcripts of all the proceedings have never been made available to him. The record before us does not reflect that anyone has ever denied a request by the petitioner for access to the records or to make transcripts from those records. Petitioner does not even allege such denial. There is nothing before us to indicate that the requested records were not available to the petitioner on a proper request. We know of no reason why the record would not be available to petitioner on a proper request.

We regret that we cannot honor the Commonwealth's request to treat substantively the issue of double jeopardy. The Commonwealth is seeking to enlarge the scope of the action filed by the petitioner in this Court. There is no provision in the rules that would permit this Court to undertake the requested review in this manner.

The Court, having considered the petition for a writ of prohibition and the response and having been otherwise sufficiently advised, ORDERS that the petition be, and it is hereby, DENIED. The motion of the Commonwealth to waive procedural defects and rule on the petitioner's double jeopardy claim is likewise DENIED.

ENTERED: August 17, 1979.