805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Edward WILLIAMS, Plaintiff-Appellant,
v.
Neil RONE, et al., Defendants-Appellees.
 No. 86-5512.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1986.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for pauper status on appeal from the district court's order denying him pauper status in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the brief accompanying the plaintiff's motion, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner in the Tennessee prison system. He filed his complaint alleging that he was unconstitutionally placed in disciplinary segregation. He requested injunctive relief and damages. The district court entered various orders requiring the plaintiff to pay a partial filing fee. The last order from which the plaintiff appeals denies pauper status and requires the plaintiff to pay a one time fee of $10.00 in order to file his complaint. This order was a final, appealable order. Foster v. United States, 344 F.2d 698, 700 (6th Cir.1965) (per curiam).
 
 
 3
 The denial of a pauper status motion is within the discretion of the district court. Foster, supra at 699. The requirement of a partial payment of the filing fee is a proper exercise of this discretion in the appropriate case. Collier v. Tatum, 722 F.2d 653, 655 (11th Cir.1983); Evans v. Croom, 650 F.2d 521, 523 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982). In the present case, the district court initially required a $20.00 partial payment and later installment payments until the complete fee was paid. In view of information submitted by the plaintiff, the court reduced this amount to a one time $10.00 fee.
 
 
 4
 The record reveals that the plaintiff earns $55.00 per month from the prison industries. Requiring him to pay a one time fee of $10.00 will not unduly deprive him of the "small amenities" of prison life. Souder v. McGuire, 516 F.2d 820, 824 (3d Cir.1975). Therefore, the district court did not abuse its discretion when it required partial payment of the fee.
 
 
 5
 The motion for pauper status is granted for the limited purpose of deciding this appeal. The granting of this motion does not affect the district court's decision. That decision is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.