857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
German YAKOVLEVICH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 88-3007, 88-3442.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1988.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated appeals, this pro se petitioner seeks review of two separate orders of the district court, which respectively denied his application for leave to proceed in forma pauperis and his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. He now moves for leave to proceed in forma pauperis and for appointment of counsel in both appeals. Upon review of the record and the briefs submitted by petitioner, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 1, 1985, petitioner, German Yakovlevich, pleaded guilty to violating 21 U.S.C. Sec. 841(a)(1) and 21 U.S.C. Sec. 846, and was sentenced to two consecutive terms of five years imprisonment. Thereafter, he filed an application for leave to proceed in forma pauperis and a motion to vacate or reduce that sentence pursuant to 28 U.S.C. Sec. 2255 in the district court for the Northern District of Ohio. In support of his claim for relief, petitioner maintained that the sentence originally imposed by the district court was invalid because: 1) it was based upon inaccurate information contained in the pre-sentence investigative report; and 2) his trial attorney's failure to object to those inaccuracies constituted ineffective assistance of counsel.
 
 
 3
 In an order entered December 21, 1987, the district court denied the request for pauper status, whereupon petitioner filed the notice of appeal in case no. 88-3007. Subsequently, the district court considered the merits of petitioner's motion to vacate sentence under 28 U.S.C. Sec. 2255 and found them to be insubstantial. Accordingly, on May 11, 1988, the district court ordered the denial of that motion and petitioner filed a notice of appeal in case no. 88-3442.
 
 
 4
 Turning first to the district court's decision to deny petitioner's application for leave to proceed in forma pauperis, which is the subject of case no. 88-3007, we note that the scope of review in such matters is extremely limited. This court may disturb a district court's determination to grant or deny pauper status only if that action constitutes an abuse of discretion. Foster v. United States, 344 F.2d 698, 700 (6th Cir.1965) (per curiam). Review of the record discloses that the district court did not violate that standard in this case.
 
 
 5
 However, the district court erred in denying petitioner's motion to vacate or reduce sentence under 28 U.S.C. Sec. 2255. Petitioner maintains principally that the court, in sentencing him to two consecutive terms of five years imprisonment, failed to comply with Rule 32(c)(3)(D), Fed.R.Crim.P. We agree.
 
 
 6
 This court requires literal compliance with Rule 32(c)(3)(D). United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987). This means that the sentencing court, once notified of alleged factual inaccuracies in the pre-sentence investigative report, must either make a finding as to each factual matter controverted or make a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. In the instant case, it is undisputed that the district court did not make specific findings as to the alleged factual inaccuracies in the pre-sentence report. In the lower court's view, however, it "substantially complied" with the Rule by recognizing the disputed matters and incorporating them in the record. This does not satisfy the literal requirements of the Rule. Having failed to make findings on the controverted matters, the court was required to note specifically that it would not consider the controverted matters in imposing sentence. Not only did the court fail to do so, but it acknowledged considering the different versions in determining petitioner's sentence. This was error, United States v. Manni, 810 F.2d 80, 83 (6th Cir.1987) (per curiam), and requires a remand for resentencing.
 
 
 7
 Accordingly, the motions for appointment of counsel and for leave to proceed in forma pauperis are hereby denied, and the district court's order of December 21, 1987, is hereby affirmed. The district court's order of May 12, 1988, is hereby reversed and this case is remanded with instructions to resentence petitioner consistent with the procedures set forth in Rule 32(c)(3)(D).