**Furqan A. EL-AMIN, Plaintiff,**

v.

**The Honorable Scott O. WRIGHT, Defendant.**

**No. 89-0958-CV-W-3.**

United States District Court, W.D. Missouri, W.D.

Oct. 16, 1989.

defendant is, therefore, entitled to summary judgment under the "actual intent" prong of the

Furqan A El-Amin, Kansas City, Mo., pro se.

ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is plaintiff's request for leave to proceed *in forma pauperis* in this action and application for appointment of counsel. Plaintiff has named the Honorable Scott O. Wright of the United States District Court for the Western District of Missouri as defendant in this action. Plaintiff alleges that Judge Wright violated plaintiff's constitutional and civil rights by denying plaintiff leave to proceed *in forma*

Illinois misrepresentation statute as well as the "materiality" prong.

*pauperis* in an action pending before Judge Wright against the University of Missouri–Kansas City.

■ Plaintiff erroneously presumes that he has an absolute right to proceed *in forma pauperis* upon a showing of poverty. 28 U.S.C. § 1915(a) provides only that a court *may* authorize the commencement of a lawsuit without prepayment of fees and costs where a person makes affidavit that he is unable to pay such costs. It is well-settled that there is no absolute right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F.2d 1332 (5th Cir.1976). Instead, leave to proceed *in forma pauperis* is a privilege to be granted only where a court, in its discretion, is persuaded that a meritorious cause of action is stated. *Yates v. Wellman*, 373 F.Supp. 437 (E.D.Ky.1974).

■ In the instant case, plaintiff challenges an action taken by Judge Wright in his judicial capacity. A judge is immune from liability for damages if he had jurisdiction over the subject matter and if the acts complained of were judicial acts. *Birch v. Mazander*, 678 F.2d 754 (8th Cir. 1982). This Court finds that Judge Wright properly exercised jurisdiction over plaintiff's motion for leave to proceed *in forma pauperis* and performed a judicial act in denying the motion. Thus, plaintiff's action against Judge Wright is barred. Because his complaint is frivolous within the meaning of 28 U.S.C. § 1915(d), plaintiff's request for leave to proceed *in forma pauperis* is denied.

■ Rule 11, Fed.R.Civ.P., provides in pertinent part:

A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Plaintiff's complaint and accompanying request for leave to proceed *in forma pauperis* are clearly not warranted by existing law. Furthermore, the Court finds that plaintiff filed these documents with the improper purpose of harassment. Plaintiff has filed at least sixteen civil rights cases in federal court plus additional cases in state court. His litigiousness has become nothing more than an abuse of the judicial process. Under these circumstances, the Court is empowered to impose an appropriate sanction upon plaintiff. Therefore, it is hereby ORDERED that the United States of America is awarded a sanction in the amount of $500.00 against plaintiff pursuant to Rule 11.

IT IS SO ORDERED.