909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfonzo JONES, Plaintiff-Appellant,
v.
COSMIC TRAVEL, Defendant-Appellee.
 No. 90-1023.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1990.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges; and HERMAN J. WEBER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Alfonzo Jones moves for miscellaneous relief and appeals from the district court's order denying his application to proceed in forma pauperis. He claimed that defendant Cosmic Travel is improperly using the "Cosmic" name and is infringing upon a trademark belonging to his business, "Cosmic Photos." Apparently, he feared that Cosmic Photos would be confused with Cosmic Travel. He requested an injunction against Cosmic Travel and $10 million in damages. In denying the application for in forma pauperis status the court used the form supplied by the Administrative Office of the United States Courts which provides a box with the statement "The application is hereby denied," a line for signature and date and a separate box in which to grant the application. The form provides no space for the statement of reasons. Jones appealed.
 
 
 4
 Upon consideration, we vacate and remand. It is impossible for this court to determine whether or not the district court properly exercised its discretion in denying the application. In Foster v. United States, 344 F.2d 698, 700 (6th Cir.1965) (per curiam), we held that a district court is required to state the reasons underlying a denial of a party's application to proceed in forma pauperis. We reaffirmed this principle in Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). Jones' application states that he is unable to pay the costs of the proceeding because he is unemployed and his only income is $1,875.00 per year from general assistance. The district court's order simply denies Jones' application. The court's rationale is not provided. Admittedly, the form invites an unexplained denial. However, as a result, we cannot determine whether it is based on lack of indigency or the nature of his claim and whether or not the district court properly denied the application. We therefore remand the case to the district court for a statement of reasons.
 
 
 5
 Upon remand, the district court has the option of requiring Jones to submit a partial filing fee before granting pauper status. See Bryan v. Johnson, 821 F.2d 455, 458 (7th Cir.1987).
 
 
 6
 Accordingly, the motion for miscellaneous relief is denied, and the district court's order is vacated and the case remanded for proceedings consistent with this order pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation