944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George P. KOULIZOS, Plaintiff-Appellant,
v.
FARMERS INSURANCE GROUP, Defendant-Appellee.
 No. 91-1196.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and McRAE, Senior District Judge.*
 
 ORDER
 
 2
 George P. Koulizos appeals a district court order denying his application to proceed in forma pauperis in the district court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Koulizos sued the defendant for breach of contract and for personal injury. Koulizos completed and filed an application to proceed in forma pauperis. The district court judge signed the back of the form in the block indicating that pauper status was denied.
 
 
 4
 On appeal, Koulizos has filed a motion with this court to proceed in forma pauperis, and in his brief, he argues that the district court did not give any reasons for denying him pauper status. Defendant has not participated in this appeal.
 
 
 5
 Upon review, we vacate the district court's order and remand the case for further proceedings. A district court is required to state the reasons underlying the denial of an application for leave to proceed in forma pauperis. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988); Foster v. United States, 344 F.2d 698, 700 (6th Cir.1965) (per curiam). In this case, the district court failed to state the reasons for denying the application. Therefore, it is impossible for this court to determine whether or not the district court abused its discretion in denying the application. In addition, as it appears that Koulizos is indigent, it is noted that a court must permit a suit to be filed by an indigent plaintiff, and if the claims are frivolous, thereafter dismiss the suit as frivolous under 28 U.S.C. § 1915(d). Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir.1990).
 
 
 6
 Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of permitting review in this case, and the district court's judgment is hereby vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation