34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank NALI, Plaintiff-Appellant,
v.
Evelyn DAVIS, et al., Defendants-Appellees.
 No. 94-1272.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Frank Nali, a pro se Michigan resident, appeals a district court judgment denying his application to proceed in forma pauperis in the district court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nali sued multiple Illinois residents for defamation of character and breach of contract. Nali completed and filed an application to proceed in forma pauperis. The district court judge signed the back of the form in the block indicating that pauper status was denied, and no reason was given.
 
 
 3
 On appeal, Nali argues that the district court erroneously did not give a reason for its denial of pauper status. The defendants have not participated in this appeal.
 
 
 4
 Upon review, we vacate the district court's judgment and remand the case for further proceedings. A district court is required to state the reasons underlying the denial of an application for leave to proceed in forma pauperis. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988); Foster v. United States, 344 F.2d 698, 699-700 (6th Cir.1965) (per curiam). In this case, the district court failed to state the reasons for denying the application. Therefore, it is impossible for this court to determine whether or not the district court abused its discretion in denying the application. Phipps, 866 F.2d at 825. In addition, it appears from the in forma pauperis application that Nali is indigent. We note that a court must permit a suit to be filed by an indigent plaintiff and, if the claims are frivolous, thereafter dismiss the suit under 28 U.S.C. Sec. 1915(d). Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir.1990).
 
 
 5
 Accordingly, the district court's judgment is vacated, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.